## Skean v. Schuylkill Valley Traction Company, Appellant.

*Negligence—Street railways—Passenger—Alighting from car—Moving car—Question for jury.*

In an action by a passenger against a street railway company to recover damages for personal injuries the evidence showed that the car stopped in order to allow the conductor to go ahead, and see whether the track of a steam railroad was clear. Plaintiff testified that the stop was also for a street where she had been in the habit of alighting; she also testified that she was in the act of alighting, with one foot on the lower step of the car, when it moved and threw her to the ground, injuring her. Three witnesses testified that she stepped from the car while it was moving. One of these witnesses had been called by plaintiff. *Held,* that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Dec. 5, 1906. Appeal, No. 150, Oct. T., 1906, by defendant, from judgment of C. P. Montgomery Co., Oct. T., 1905, No. 24, on verdict for plaintiff in case of Margaret Skean v. Schuylkill Valley Traction Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Trespass for personal injuries. Before WEAND, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*N. H. Larzelere*, for appellant.

*I. P. Wanger*, of *Wanger & Knipe*, for appellee.

OPINION BY BEAVER, J., February 25, 1907 :

Was there anything for the jury in this case? If there was, the court below was right in refusing any response to the defendant's point for charge to give binding instructions, and also in refusing to enter a judgment n. o. v. for the defendant.

If the plaintiff's testimony was true—and whether true or not was equally a question for the jury—it was for them to say whether or not the defendant wcs negligent and the plaintiff was not guilty of contributory negligence.

The defendant's car, upon which the plaintiff was a passenger, had stopped, in order to allow the conductor to precede it for the purpose of seeing whether or not the track of a steam road, which crossed that of the defendant, was clear. If this were the only purpose for which the car stopped and the plaintiff had knowledge of that fact, there would be undoubted force in the contention of the defendant, but the plaintiff alleges that the stop was also made for Markley street, which was on the same side of the steam railroad on which the car stopped, and not only that the stop was for that purpose, but that she herself had been in the habit of leaving the car at that point, and had given the conductor notice that she wished to stop there, without dissent on his part.

It is true that she was contradicted as to the manner in which she alighted from the car, not only by two witnesses for the defendant, but by one of her own witnesses. These three witnesses concurred in their testimony that she alighted from a moving car. Her testimony, however, was that she was in the act of alighting, with one foot on the lower step of the car, when it moved and threw her to the ground, in consequence of which she sustained the injury for the results of which she sought to recover.

The case was fairly submitted. The court dwelt with absolute fairness upon the weakness of the plaintiff's case and the strength of that of the defendant. It was not difficult to see that the trial judge was of the opinion, if he had an opinion, that the plaintiff's case was rather weak, and yet he was so fully convinced that it was not his province to determine the question of fact involved and the credibility of the plaintiff that he left both to the jury, as it seems to us he was bound to do.

There is no difference between the counsel for the appellant and the appellee as to the law of the case. Whilst they differ somewhat as to the manner in which the question is stated, there is really little practical difference between them.

The real question is, was there any testimony in the case which necessarily carried it to the jury ? After a careful reading of the testimony, we think there was.

As to the manner in which it was submitted, the appellant does not, and has no reason to, complain. The verdict was for a moderate amount and there is, therefore, no reason why we should interfere.

Judgment affirmed.